IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTOS MARTINEZ BELTRAN, § | |
| #2120646, § | |
|     PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:19-CV-205-C-BK |
| § | |
| LORIE DAVIS, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION DIV., § | |
|     RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. For the reasons that follow, Petitioner Santos Martinez Beltran's *Notice of Appeal as of Right to an Intermediate Appellate Court from a Superior Court Judgment and Order*, which was liberally construed to seek federal habeas relief, should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On January 28, 2019, the Court ordered Beltran to file his petition on the federal habeas form and pay the $5.00 filing fee or submit a request to proceed *in forma pauperis*, if he intended to proceed in federal court with a federal habeas petition. Doc. 4. On February 25, 2019, Beltran submitted a motion to proceed *in forma pauperis*, but did not otherwise comply with the Court's first deficiency order. Doc. 5. Thus, on March 6, 2019, in the interest of justice, the Court *sua sponte* enlarged the deadline to comply to April 3, 2019, and again advised that, to the

extent Beltran intended to proceed with this habeas corpus action, he must file a petition on the federal habeas form and pay the $5.00 filing fee. Doc. 6. On April 30, 2019, Beltran filed a pleading titled "Motion in Response to the Second Notice of Deficiency and Order," in which he sought an extension of the time to comply. Doc. 7. The Court granted the motion and ordered Beltran to file his petition on the federal habeas form and pay the $5 filing fee by May 29, 2019. Doc. 8. That same day, the court received the $5.00 filing fee. On June 4, 2019, the Court again extended the deadline to file a petition on the federal habeas form, if Beltran intended to proceed with claims in federal court. The Court once more warned that "PETITIONER'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)." As of the date of this recommendation, however, Beltran has not responded to the Court's June 4, 2019 order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, the court may dismiss for want of prosecution only when there is a clear record of delay or

contumacious conduct by the petitioner, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] [petitioner] himself and not his attorney; (2) actual prejudice to the [respondent]; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for almost five months and, despite two extensions of time and a second deficiency order, Beltran has failed to comply with the Court's orders to submit a habeas corpus petition on the federal form. Since Beltran is representing himself, the delay caused by his non-compliance is attributable to him alone. *See Berry*, 975 F.2d at 1191. The initial filing of his motion to proceed *in forma pauperis* and the subsequent $5 fee payment clearly demonstrate that Beltran was well aware of his obligation under the Court's orders. Doc. 5. Moreover, in light of his failure to submit a habeas petition on the federal form no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed further absent a petition on the federal form.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Beltran's habeas claims. *See Nottingham*, 837 F.3d at 441 (no abuse of discretion where the district court applied higher standard of review and dismissed *pro se* civil rights action due to plaintiff's intentional

noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (same as to a habeas petition).[1]

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for want of prosecution.

**SO RECOMMENDED** on June 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Beltran is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.

4