IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTOS MARTINEZ BELTRAN, #2120646, PETITIONER, | § § § § |
| v. | §  CASE NO. 3:19-CV-205-C-BK |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION DIV., RESPONDENT. | § § § § § § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for management, including making findings and a recommended disposition. As detailed here, Petitioner Santos Martinez Beltran's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**I.   BACKGROUND**

Beltran pled guilty to aggravated sexual assault of a child younger than fourteen years and was sentenced to 60 years' imprisonment. *State v. Beltran*, No. F12-56353-L (Crim. Dist. Ct. No. 5, Dallas Cty., Tex., Feb. 24, 2017), *aff'd*, No. 05-17-00335-CR (Tex. App.—Dallas Nov. 13, 2017) (finding appeal frivolous and without merit under *Anders*). The Texas Court of Criminal Appeals subsequently dismissed Beltran's state habeas application without written

order for non-compliance with Texas Rules of Appellate Procedure 73.1.  *See Ex parte Beltran*, No. WR-89,002-01 (Tex. Crim. App. Oct. 3, 2018).[1]

On August 5, 2019, Beltran filed a federal habeas petition on the court-approved form along with a memorandum in support.[2] Doc. 14; Doc. 15.  Upon review, the Court concludes that Beltran's petition is unexhausted and should be dismissed without prejudice.

## II.     ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

---

[1] The state court's docket sheets are available at http://courtecom.dallascounty.org/pav/, http://search.txcourts.gov/Case.aspx?cn=05-17-00335-CR&coa=coa05 and http://search.txcourts.gov/Case.aspx?cn=WR-89,002-01&coa=coscca (each last accessed Sep. 10, 2019).

[2] Although it is unsigned, the Court nevertheless considers the petition in the interest of saving judicial time and resources.

Beltran has not satisfied the exhaustion requirement. A review of his federal petition and a search of the state courts' docket sheets (available online) confirms that his state habeas application was dismissed for noncompliance and he did not file a subsequent state habeas application challenging his conviction. Consequently, the Texas Court of Criminal Appeals has not had an opportunity to consider Beltran's claims and they remain unexhausted.

### III.   CONCLUSION

For the foregoing reasons, Beltran's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

**SO RECOMMENDED** on September 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] A one-year statute of limitations applies to any federal habeas corpus petition filed, *see* 28 U.S.C. § 2254(d), including this petition and any other that may be filed in this Court.